IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA

      v.

    JOHN MCLEAN

CRIMINAL NO.: WDQ-10-0531

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

On July 26, 2011, John McLean was convicted of health care fraud and related charges[1]; on November 10, 2011, he was ordered to pay $579,070 in restitution. The Court also ordered the restitution to be paid "in monthly installments of $50.00 to commence when [McLean] is placed on supervised release." ECF No. 104 at 6. Because the Government had not identified all the victims and amounts due to each, the Court deferred its entry of the restitution order pending receipt of the Government's proposed order. ECF No. 104 at 5; ECF No. 212 at 1.

On November 15, 2011, McLean filed his notice of appeal. ECF No. 99.[2]

---

[1] The Court will deny as moot McLean's motion for bond pending appeal (ECF No. 108), because McLean has asked to withdraw that motion. *See* ECF No. 117.

[2] Although the Court had not entered its final judgment, defense counsel planned to be out of the country from November 16, 2011, through December 2, 2011. ECF No. 112-1 at 2.

On November 17, 2011, the Government submitted its proposed restitution order.  ECF No. 101.  Paragraphs 3 and 4 of the restitution order stated that "[t]he amount of restitution shall be due and owing immediately," and McLean would be required to make "nominal payments during the period of, and as a condition of, his supervised release . . ., in monthly installments of at least $50.00."  ECF No. 106 at 2 (¶¶ 3-4).

On November 18, 2011, the Fourth Circuit noted that it had received McLean's appeal but would not docket it until after entry of the final judgment in this Court.  ECF No. 103.

On November 28, 2011, the Court entered its final judgment and restitution order.  ECF Nos. 104, 106.  The judgment stated that

> [i]f this judgment imposes any criminal monetary penalty, including . . . restitution, it shall be a condition of supervised release that the defendant pay any such monetary penalty that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

ECF No. 104 at 3.  The Court checked boxes stating that "[t]he determination of restitution [was] deferred until provided by counsel," McLean did "not have the ability to pay interest" on the restitution, and "[r]estitution in monthly installments of $50.00 [would] commence when [McLean] is placed on supervised

release." *Id.* at 5-6.  The Court also signed the restitution order drafted by the Government on that day.  *See* ECF No. 106.

On December 6, 2011, the Fourth Circuit opened McLean's case on appeal.  ECF No. 107.

On December 8, 2011, the Government told defense counsel that it had perfected this Court's judgment as a lien against all property that McLean owned or would acquire in the future. ECF No. 112-3 at 1.  The Government also stated that McLean would face a 10 percent penalty if his payment of restitution was more than 30 days late, and an additional 15 percent penalty if it was more than 120 days late.  *Id.*

On December 27, 2011, McLean moved this Court to strike paragraphs 3 and 4 of the restitution order, or stay execution of the order pending appeal.  ECF No. 112.  On January 13, 2012, the Government opposed that motion, ECF No. 114, and on January 16, 2012, McLean filed a reply, ECF No. 115.

II. Analysis

McLean argues that paragraphs 3 and 4, which were drafted by the Government, changed the restitution payment terms announced at sentencing, and create a conflict with the judgment about when restitution is due.  ECF No. 112-1 at 3.  He asks the Court to strike these paragraphs as a nullity[3] or stay

---

[3] McLean contends that, by asking that restitution be due immediately, the Government sought to correct his sentence under

3

enforcement because his assets "are largely illiquid." *Id.* He contends that a "quick sale" of real estate would not realize "the greatest value from the assets," and he could face substantial financial penalties for withdrawing his retirement funds early. *Id.*

The Government counters that (1) this Court lacks jurisdiction because McLean has filed an appeal, and (2) had the Court retained jurisdiction, the motion would have been untimely and failed on the merits. ECF No. 114 at 1, 3-4. The Government argues that the judgment and restitution order are consistent, because the monthly payment plan was merely "a backup should the restitution remain outstanding upon [McLean's] release from prison." *Id.* at 3. It also contends that McLean is the one who seeks to correct his sentence, and he has waited too long.[4] *Id.* at 3-4.

"The general rule is that the filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to

---

Fed. R. Crim. P. 35. ECF No. 115 at 2. Thus, he argues that the Government should have filed a motion, which would have provided him notice and an opportunity to be heard on the issue. ECF No. 112-1 at 3; ECF No. 115 at 2.

[4] Under Rule 35, the Court has 14 days after sentencing to "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). McLean contends that he does not want to modify his sentence, only the subsequent written order. ECF No. 115 at 2.

the court of appeals." *In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir. 1991).  But "[t]he rule is not absolute." *Id.*  The Court does not lose jurisdiction "to correct clerical mistakes" or to consider matters "in aid of the appeal."[5]

A ruling aids the appeal when it "simply memorialize[s] the district court ruling" and gives the Fourth Circuit a written order to review. *In re Grand Jury Proceedings*, 947 F.2d at 1190.  A ruling may also aid the appeal when it "reliev[es] [the Fourth Circuit] from considering the substance of an issue begotten merely from imprecise wording" in an earlier order.[6]

Clerical errors "exist when the court intended one thing but by merely clerical mistake or oversight did another."[7]  For example, the Court may commit a clerical error by inadvertently issuing a written judgment that conflicts with the Court's oral

---

[5] *DuBuit v. Harwell Enters.*, 540 F.2d 690, 693 (4th Cir. 1976). *See also United States v. Abdel-Aziz*, 67 F. App'x 805, 806 (4th Cir. 2003) ("the district court has jurisdiction at any time to correct clerical errors).

[6] *See Lytle v. Griffith*, 240 F.3d 404, 408 n.2 (4th Cir. 2001) (order modifying an injunction to clarify which defendants were enjoined aided the appeal by mooting an issue arising from the "imprecise wording in the [original] injunction").

[7] *United States v. Postell*, 412 F. App'x 568, 569 (4th Cir. 2011) (per curiam) (internal citation and quotation marks omitted).

statements at sentencing.[8] "[T]he sentences to be served . . . are those pronounced in the defendant's presence in open court and not those set out in the written judgments of the court." *Rakes v. United States*, 309 F.2d 686, 687 (4th Cir. 1962). Thus, "to the extent of any conflict between a written order and an oral sentence, the latter is controlling."[9] Fed. R. Crim. P. 36 allows the Court to correct "a clerical error in judgment, order, or other part of the record" "at any time."

Although McLean has noted an appeal, the Court may grant McLean's motion and correct a clerical error in the restitution order. The parties agree that, during McLean's sentencing hearing, the Court ordered him to pay restitution in $50 monthly

---

[8] *See United States v. Spears*, 432 F. App'x 242, 243-44 (4th Cir. 2011) (clerical error when written judgment said defendant was convicted under one statute, but court had orally imposed sentence under another statute); *United States v. Ensminger*, 193 F. App'x 198, 199 (4th Cir. 2006) (clerical error when written judgment said that defendant had been sentenced to 77 months in prison, but court had orally imposed 83-month sentence); *United States v. Toney*, 22 F. App'x 106, 107 (4th Cir. 2001) (clerical error when written judgment said sentences would run concurrently, but court had orally imposed consecutive sentences); *United States v. James*, 105 F.3d 649 (table), 1997 WL 8392, at *1 (4th Cir. 1997) (clerical error when written judgment said defendant was sentenced to concurrent prison terms of 46 months, but court had orally sentenced defendant to one 40-month term to run concurrently with a 46-month term). *See also United States v. Ervasti*, 201 F.3d 1029, 1046 (8th Cir. 2000) (district court committed clerical error when the written judgment stated that the defendants owed $2 million more in restitution than what the court ordered at sentencing) (*cited by United States v. Powell*, 266 F. App'x 263, 266 (4th Cir. 2008)).

[9] *United States v. Osborne*, 345 F.3d 281, 283 n.1 (4th Cir. 2003) (internal citation and quotation marks omitted).

installments upon his release from prison.   *See* ECF No. 112-1 at 1; ECF No. 114 at 1.   This oral sentence controls,[10] and the Court's written judgment is consistent: the Court checked the box requiring monthly payments of $50 "to commence when the defendant is placed on supervised release."   ECF No. 104 at 6. It did not check the box requiring any amount -- other than the special assessment -- to be due immediately.   *Id*.   The Court intended to issue a restitution order stating the same, but inadvertently signed the Government's proposed order without first striking the provisions making restitution "due and owing immediately."[11]   The Court will correct this clerical error, *see Postell*, 412 F. App'x at 569, under Rule 36[12] by granting McLean's motion to strike paragraphs 3 and 4 of the restitution

---

[10] *See Osborne*, 345 F.3d at 283 n.1; *United States v. Cohen*, 459 F.3d 490, 496 (4th Cir. 2006) (restitution is "part of the criminal defendant's sentence")

[11] Contrary to the Government's argument, the Court did not intend the monthly payment plan to be a "backup should the restitution remain outstanding upon [McLean's] release from prison."   ECF No. 114 at 3.   This proposition is directly at odds with the plain language the Court used at sentencing -- that payment would *commence*, not continue -- when McLean was placed on supervised release.

[12] Although McLean cites no controlling rule in his motion, the Court finds that the clerical error implicates Rule 36.   *See United States v. Luskin*, 16 F. App'x 255, 262 (4th Cir. 2001) ("a district court's interpretation of its own order" is entitled to deference).   The Court agrees with McLean that his motion seeks not to modify the sentence -- which was pronounced orally at the sentencing hearing -- but only the subsequent written restitution order. Thus, Rule 35 does not apply.

order.

III. Conclusion

For the reasons stated above, the Court will grant McLean's motion to strike paragraphs 3 and 4 of the restitution order.

_____1/25/12_____        _____

Date                                     William D. Quarles, Jr.
                                         United States District Judge